IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:02-CR-0060 (02) |
| | § | |
| DELISSA MARIE VALDEZ | § | |

## REPORT AND RECOMMENDATION

Defendant DELISSA MARIE VALDEZ has filed with this Court a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.  For the reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends the motion be DENIED except for those portions of defendant VALDEZ's motion alleging an illegal search of defendant's residence and her claim of ineffective assistance of counsel based upon the police officers' alleged failure to "knock and announce" prior to executing a search warrant.  An evidentiary hearing will be held on Wednesday, January 10, 2007 as to those claims.

I.
PROCEDURAL HISTORY

On August 27, 2002, defendant was charged in a two-count indictment with one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute methamphetamine within 1,000 feet of a public elementary school in violation of 21 U.S.C. §§ 841(a)(1) and 860, and 18 U.S.C. § 2.  On October 15, 2002, a one-count superseding information was filed, charging defendant VALDEZ with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §

846.[1]  On October 22, 2002, defendant pled guilty to the superseding information.  On January

24, 2003, defendant VALDEZ was sentenced to a term of 156 months custody and a 5 year term

of supervised release.  Defendant VALDEZ initiated an appeal of the conviction and sentence,

but the appeal was dismissed on defendant's motion on April 10, 2003.  On January 26, 2004,

defendant filed the instant motion to vacate, set aside or correct the sentence pursuant to 28

U.S.C. § 2255.


II.
DEFENDANT'S ALLEGATIONS

Defendant raises the following three grounds of alleged error in her § 2255 motion:

> (1)    The conviction was obtained by the use of evidence gained during
>         an illegal search and seizure;
>
> (2)    She was denied the effective assistance of trial counsel; and
>
> (3)    She was denied the effective assistance of appellate counsel.


III.
MERITS

A.
*Booker* Claim

The government filed its response to the motion to vacate on March 8, 2004.  On May 10,

2004, defendant filed a motion to extend the time in which to respond to the government's

answer.  This motion was untimely and was denied on May 27, 2004.[2]  On June 30, 2004,

defendant filed a motion to amend her motion to vacate.  This motion was denied July 2, 2004.

---

[1]The amount of methamphetamine alleged had been reduced from approximately 590 grams or more to 50 grams or more.

[2]Defendant's reply to the governments' answer was due on or about April 8, 2004.

The denial was based in part, at least, on defendant's failure to attach the proposed amended 2255 motion to her motion to amend.   On November 26, 2004, notwithstanding the Court's May 27, 2004 Order, defendant, without leave of the Court, filed an untimely response to the government's answer to her § 2255 motion.   To the extent defendant, in that response, re-urges the issue of her *in forma pauperis* status, the Court will not re-visit the issue.   To the extent defendant presents news clippings related to the drug task force, or related to the medical care of prisoners, such news clippings are not probative.   To the extent defendant challenges her sentence based upon the United States Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the challenge is without merit.

In *Blakely*, the Supreme Court considered a state's sentencing procedure which permitted a state judge to impose a sentence above an offense's statutory maximum punishment if the judge found aggravating factors to justify such an upward departure.   In the *Blakely* case, the state sentencing judge determined such factors existed and sentenced the defendant to more than three (3) years above the maximum.   The Supreme Court found the facts supporting the state judge's finding were neither admitted to by the defendant nor found by a jury.   Noting the jury's verdict alone did not authorize the increased sentence, the Supreme Court found the state's sentencing procedure did not comply with the Sixth Amendment right to trial by jury.

In the United States Supreme Court decision of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621(2005), the Supreme Court extended the rules announced in its prior decisions of *Apprendi v. New Jersey*; 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), to the federal Sentencing Guidelines, holding,

> Accordingly, we reaffirm our holding in *Apprendi:* Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

*Booker*, 543 U.S. at 244, 125 S.Ct. 756.  A different majority of the Court then excised certain statutory provisions that had made the Guidelines mandatory, thereby rendering the Guidelines advisory.  *Id.* at 756-57.  In this circuit, *Booker* does not apply retroactively to cases on collateral review and therefore, the holding does not apply to an initial 28 U.S.C. § 2255 motion such as defendant's.  *United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. December 8, 2005).  Under the law of this circuit, neither defendant's *Blakely* claim, nor any *Booker* claim defendant might be asserting is cognizable.

B.
Search and Seizure Claim

Defendant VALDEZ argues the police officers in this case failed to "knock and announce" their presence before entering her residence in violation of the Fourth Amendment. Respondent contends such claim was waived by defendant's guilty plea. Respondent argues defendant pled guilty and thus waived her right to contest any Fourth Amendment issues other than the voluntariness of her plea.  It is true that defendant VALDEZ does not challenge the voluntariness of her plea.  Consequently, her Fourth Amendment claim is subject to denial.  See *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Tollet v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).  If, however, counsel was in fact ineffective in failing to raise this issue, then defendant's plea, even if appearing to be voluntary, may not have been knowingly entered.  This Court does not find based upon the present record, that this claim was necessarily waived by defendant's guilty plea.  If not waived,

however, defendant did not raise this claim, either in the trial court or by way of her direct appeal, and presents it for the first time in this §2255 motion.  Consequently, the claim may be procedurally barred.  Following conviction and exhaustion of, or waiver of, the right to a direct appeal, a defendant is presumed fairly and finally convicted.  *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992).  As a result, review of convictions pursuant to §2255 is ordinarily limited to questions of constitutional or jurisdictional magnitude.  Such issues may not be raised for the first time on collateral review without a showing of cause for failing to raise the issue on direct appeal and actual prejudice resulting from the alleged error.  *Id.*  Other types of error (non-constitutional or non-jurisdictional error) may not be raised under section 2255 unless the defendant demonstrates the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice.  *United States v. Cervantes*, 132 F.3d 1106 (5th Cir. 1998).  *See also United States v. Samuels,* 59 F.3d 526, 528 (5th Cir.1995) (collateral attack primarily limited to issues of constitutional or jurisdictional magnitude and, even then, movant must show both cause for not raising issue on direct appeal and prejudice because of such failure; other errors may not be raised at all unless movant shows both; that the error could not have been raised on direct appeal, and that the error, if condoned, would result in complete miscarriage of justice); *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 506 U.S. 1007, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992); *United States v. Drobny,* 955 F.2d 990, 994-95 (5th Cir.1992).

If defendant VALDEZ has not established adequate cause for not raising this issue earlier, then she would not be entitled to § 2255 relief under this ground as a procedural matter.

If, however, this issue alleges a fundamental constitutional error, and if defendant's claims of ineffective assistance constitute adequate cause for failure to raise the issue at trial, the defendant must still show "actual prejudice" resulting from the alleged error.  If, as a result of the evidentiary hearing defendant VALDEZ is able to establish prejudice, then she arguably would not be procedurally barred from relief.

C.

Ineffective Assistance of Trial Counsel Claim

In order to prevail on a claim that she was denied her constitutional right to the effective assistance of counsel, defendant must satisfy two requirements.  "First, [s]he would have to show that his [her] attorney's conduct fell below an objective standard of reasonableness.  Second, [s]he would have to demonstrate a reasonable probability that [s]he was prejudiced by his [her] attorney's unprofessional errors."  *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989); *see also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  The question of whether a defendant has been subjected to ineffective assistance of counsel is a mixed question of fact and law.  *United States v. Rusmisel*, 716 F.2d 301, 304 (5th Cir. 1983).

A showing that an attorney's conduct was deficient requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Strickland*, 466 U.S. at 687.  The performance inquiry must center on whether counsel's assistance was reasonable considering all the circumstances at the time of counsel's conduct.  *Id*. at 688-690.As for the issue of prejudice, defendant must do more than simply allege prejudice, she must "affirmatively prove" prejudice.  *See Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986) (*Strickland*, 466 U.S. at 693).

A habeas defendant claiming ineffective assistance of counsel bears the burden of demonstrating by a preponderance of the evidence "both an identifiable lapse on the part of his [her] trial counsel and some actual, adverse impact upon the fairness of his [her] trial resulting from that lapse." *United States v. Cockrell*, 720 F.2d 1423, 1425 (5th Cir. 1983), quoting *Boyd v. Estelle*, 693 F.2d 388, 389-90 (5th Cir. 1981).  Counsel is not required to pursue every path until it bears fruit or until all conceivable hope withers.  *Lovett v. State of Florida*, 627 F.2d 706, 708 (5th Cir. 1980).  A strategy is not proven wrong because, if as is the usual circumstance, a guilty person is convicted.  *Cockrell* at 1429;  *United States v. Guerra*, 628 F.2d 410, 413 (5th Cir. 1980) (failure to object to the introduction of a letter did not so infect the trial with unfairness as to make the resulting conviction a denial of due process).

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and tactical decisions of trial counsel are entitled to a high degree of deference.  *Strickland*, 466 U.S. at 692.  A defendant must show that counsel's deficient performance prejudiced the defense.  *Id.*  Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*  Furthermore, the focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness.  *Lockhart v. Fretwell*, 113 S.Ct. 838, 844 (1993).

In the instant case, defendant VALDEZ alleges her trial counsel was ineffective because:

1.　　Counsel admitted to defendant he was not a criminal attorney, had never practiced criminal law, and was unfamiliar with the Rules of Criminal Procedure;

2.　　Counsel failed to file motions to suppress evidence based upon (a) the invalid warrant which contained two different dates (b) the officers failure to "knock and announce" their presence prior to entering the residence in violation of

defendant's Fourth Amendment rights (c) an incorrect amount of methamphetamine charged to defendant and (d) officials deliberate indifference to defendant's medical condition;

3.      Counsel failed to investigate why task force officers stated they were serving city ticket warrants when first entering defendant's residence;

4.      Counsel told defendant to waive her right to be re-indicted in order to save money and paperwork;

5.      Counsel advised defendant to advise the trial court she had read the pre-sentence report when she had only received it minutes prior to sentencing, and it contained many discrepancies she does not agree with.

<u>Counsel was Inexperienced</u>

Defendant's claim that trial counsel was inexperienced in criminal law is nothing more than a conclusory allegation.  She has not shown any actions by counsel in this case which were deficient due to counsel's alleged inexperience in criminal law matters, and defendant has failed to demonstrate how any of counsel's actions prejudiced her case.[3]  A defendant must show counsel's deficient performance prejudiced the defense.  To establish this, a defendant must do more than simply allege prejudice, she must "affirmatively prove" prejudice.  *Strickland*, 466 U.S. at 693.  Consequently, it is not enough for a defendant to show that any errors had some conceivable effect on the outcome of the proceeding.  To establish prejudice in the context of a guilty plea, a defendant must show there is a reasonable probability that but for counsel's errors, defendant would not have pled guilty and, instead, would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).  Defendant VALDEZ has not made the required showing and her claim is without merit.

---

[3]With the exception of the particular ineffective assistance of counsel claim on which an evidentiary hearing is to be held.

### Motions to Suppress

VALDEZ next argues trial counsel was ineffective for not filing motions to suppress on several issues. First, defendant alleges the search warrant provided to counsel contained two different dates, a claim not addressed by the government. However, a footnote in the government's brief seems to indicate defendant VALDEZ, although she has not articulated it as such, complains of two separate search warrants, one executed at her residence, and another one executed at her brother's residence later and on a different date. More importantly, defendant has not shown how counsel's failure to file a motion to suppress on this "different dates" issue was deficient, and she has failed to set forth how she was prejudiced or that, but for counsel's alleged error, she would not have entered a guilty plea.

Defendant next claims counsel was ineffective for failing to file a motion to suppress based upon police officers improper execution of a search warrant *i.e.* their failure to "knock and announce" their presence before entering her residence. Specifically, defendant VALDEZ alleges counsel failed to "identify the existence of the "knock and announce" rule as applied to Law Enforcement officers." (Defendant's Brief, Attachment A at 2). The government's response alleges defendant VALDEZ has offered no evidence the officers failed to "knock and announce." Review of defendant VALDEZ's motion to vacate, however, shows it to specifically state at "attachment A" following page 7, that the officer's did not "knock and announce" their presence. Since this issue has not been adequately addressed, *i.e.* the Court has not been provided any information regarding the execution of the search warrant and, consequently, has not shown defendant VALDEZ was not prejudiced by the failure of counsel to

file a motion to suppress, an evidentiary hearing on that claim will be held.[4]  The evidentiary

hearing will be limited to this single ineffective assistance claim and the illegal search claims

discussed in section B above.

Third, defendant claims counsel was ineffective for failing to investigate the amount of

methamphetamine at issue and for failing to file a motion to suppress based upon discrepancies.

Defendant alleges,

> Counsel did not show the Movant was charged with approximately 300 to 390
> grams of methamphetamine, as stated in the Official Court report....If counsel had
> looked at the police log as asked by Movant, Counsel would have seen there was
> not 590 grams of methamphetamine.  The Movant feels that had counsel filed a
> Motion to Suppress Evidence, the outcome would have been different.

(Defendant's Brief, Exhibit A at 2).  As discussed by the government, defendant's claim is

unclear at best.  In the October 15, 2002 one-count superseding information, defendant was

charged with conspiracy to possess with intent to distribute approximately 50 grams or more of

methamphetamine.  This amount alleged in the information had been reduced from the 590

grams or more amount which had been alleged in the indictment.  As further articulated by the

government, defendant pled guilty to the superseding information (which alleged 50 grams or

more).  At sentencing, defendant VALDEZ was held accountable for 71.5 grams of

methamphetamine.  Under the sentencing guidelines, possession with intent to distribute 71.5

grams carries the same base offense level as possession with intent to distribute 50 grams.

Defendant's claim, as she has stated it, makes no sense.  Obviously, being held accountable for

71.5 grams is preferable to the 300 to 390 grams defendant mentions.  Defendant VALDEZ has

---

[4]The U.S.Supreme Court, in *Hudson v. Michigan*, ____ U.S. ____, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006) recently ruled that the failure to "knock and announce" did not require the suppression of evidence gathered during the search.  Since *Hudson* had not yet been decided at the time defendant VALDEZ was prosecuted, the ineffective assistance/illegal search claim will be analyzed on a pre-*Hudson* basis.

not demonstrated any entitlement to relief.

Next, defendant appears to allege counsel should have filed a motion to suppress because officials were deliberately indifferent to her medical condition.  Defendant states her medical condition was not listed in the pre-sentence report (PSR).  Defendant states if counsel had filed a motion to suppress, the outcome of the case would have been different and if counsel had not mistakenly advised defendant, she would not have pled guilty.  It appears defendant is possibly referring to her allegation that counsel advised her to inform the trial court she had read the PSR when she had only just received it minutes before sentencing.  Defendant claims that but for counsel's advice she would not have pled guilty.  The guilty plea, however, preceded the preparation of the PSR.  Further, a motion to suppress would not have been the proper vehicle to challenge the PSR.  Even if the PSR had been challenged by counsel, defendant has failed to show prejudice, in that, she has failed to show how the inclusion of her medical condition in the PSR would have changed the outcome of the case.

<u>Failure to Investigate Why Task Force Officers</u>
<u>Stated They Were Serving City Ticket Warrants</u>

Defendant claims the police officers who served the search warrant on her residence claimed they were serving city ticket warrants, but she has not demonstrated counsel was ineffective for failing to argue the point.  Even if the officers made such a statement, defendant has failed to show how this would entitle her to relief.  Counsel was not ineffective for failing to argue an irrelevant point.

<u>Waiver of Right to be Re-Indicted</u>

Defendant argues trial counsel was deficient because he advised her to waive her right to be re-indicted to save money and paperwork.  According to the government, defendant

VALDEZ signed a waiver of indictment prior to pleading guilty to the superseding information.

Again, defendant has failed to show how she was prejudiced.  Defendant pled guilty to the

superseding information which reduced the quantity of drugs at issue from 590 or more grams to

50 or more grams and which superseding information omitted the prior count of possession of

methamphetamine within one thousand (1000) feet of a school.  Defendant has not shown how

she was prejudiced by pleading to a superseding information as opposed to an indictment,

particularly when the amount of drugs at issue was reduced.  This claim is without merit.

<u>Pre-Sentence Report (PSR)</u>

As discussed *supra*, defendant contends trial counsel instructed her to tell the trial court

she had read the PSR when she alleges she received it only minutes before sentencing.

Defendant then sets forth sixteen (16) discrepancies and appears to argue all of these should

have been brought to the court's attention by counsel.

The sentencing hearing was held January 24, 2003, and at such hearing the following

exchange occurred between the District Judge and defendant VALDEZ:

THE COURT:          Ms. Valdez, the Presentence Report is important.  Can you think of
                    anything at all in the Presentence Report that is not correct?

THE DEFENDANT: No, m'am.

THE COURT:          Do you understand that the Court is going to sentence in part based on the
                    Presentence Report?

THE DEFENDANT: Yes, Your Honor.

THE COURT:          And that decisions concerning a person incarcerated can be made based
                    on the Presentence Report?

THE DEFENDANT:  Yes, m'am.

THE COURT:          And with that explanation, even if it doesn't seem important to you now,
                             can you think of anything that's not correct?

THE DEFENDANT:  No m'am.

(Transcript of Sentencing, January 24, 2003).  As reflected above, the importance of the

Presentence Report was stressed to defendant by the Court.  At no time did defendant alert the

Court she had not read the report, needed more time to review the document and/or that anything

in the report was incorrect.  In fact, she affirmatively stated to the Court she could think of

nothing incorrect.  The Court has reviewed the specific allegations contained in defendant's

November 26, 2004 response.  Defendant VALDEZ has made nothing more than conclusory

allegations regarding inaccuracies in the PSR and has failed to show prejudice.  She has not

demonstrated how changing any of the allegedly false statements in the PSR would have

benefitted her or changed the outcome of the case. This claim is without merit.

<u>Ineffective Assistance of Appellate Counsel</u>

Defendant VALDEZ was appointed a new attorney after sentencing.  Defendant claims

such attorney refused to file an appeal because it would be frivolous and without merit.

According to defendant, she filed a motion to dismiss the pending appeal after she was asked to

do so by appellate counsel.  According to defendant, counsel agreed to meet with her family in

an effort to pursue a writ, "and what (sic) it would run in terms of a professional fee."

(Defendant's Brief at 8).

Assuming, for purposes of argument, that defendant VALDEZ can overcome the fact she

authorized dismissal of the direct appeal, VALDEZ has not identified the grounds she contends

counsel could have raised in an appeal on which she were likely to prevail.  In a letter to

defendant from counsel dated March 26, 2003 (contained in defendant's response of November

26, 2004), counsel states:

> To begin, I concur with Mr. Baird [trial counsel] in his assessment that there are
> no viable grounds of appeal to the Fifth Circuit.  Since this is a guilty plea and no
> objections were lodged to the Pre-Sentence Report, there is essentially nothing to
> appeal from.  The sentence assessed was well within the applicable range; in fact,
> considering your criminal history, the sentence tends to be on the moderate side
> since Judge Robinson set punishment at the lower end of the range.  And, as you
> are probably aware, the plea of guilty waives any and all evidentiary issues that
> could have been preserved or that were preserved, unless one secures permission
> of the trial court to take issues up in appeal.  This did not happen in this case.
>
> About the only thing that I could do on direct appeal to the Fifth Circuit, as the
> record now stands, would be to file what is called an *Anders* brief which informs
> the appellate court that the appeal is frivolous and without merit.  I generally do
> not approve of filing these kinds of briefs on appeal.  For this reason, I am asking
> that you review the enclosed Motion to Dismiss Appeal, sign same and return to
> me....
>
> It is my understanding that you prefer that a § 2255 writ of habeas corpus be filed
> on your behalf to address the "knock and announce" issue upon which David
> Valdez based his Motion to Withdraw Plea.  Please understand that this cannot be
> pursued *until your direct appeal has been disposed of*....
>
> ....I would be willing to meet with your family here in Amarillo to discuss
> working on a writ on your behalf and what that would run in terms of a
> professional fee.  In th event that you or your family are unable to retain counsel,
> I can certainly provide you with forms which you can use to file your own writ, if
> you so choose.

From this letter, it appears the filing of the motion to dismiss the appeal was a course of action

appellate counsel felt would benefit defendant *i.e*. getting a frivolous and meritless appeal

dismissed so that she might proceed with a motion to vacate.

Defendant has offered nothing more than her own self serving statements in support of

this ground for relief.  Defendant has not explained why she agreed to dismiss the appeal other

than to say she was coerced.  She has not, however, provided facts reflecting any coercion.

Instead, she has stated appellate counsel told her any appeal would be frivolous and without merit.  Defendant has not provided the Court with information to rebut counsel's statement and appellate counsel's analysis appears to have been sound.  This claim must fail.

IV.
RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by defendant DELISSA MARIE VALDEZ be, in all things, DENIED except for the claims of ineffective assistance of counsel and illegal search related to the alleged failure to "knock and announce." Thess issues are scheduled for evidentiary hearing on January 10, 2007.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of December 2006.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).