IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:02-CR-0060 (02) |
| | § | |
| DELISSA MARIE VALDEZ | § | |


## SUPPLEMENTAL REPORT AND RECOMMENDATION

Defendant DELISSA MARIE VALDEZ has filed with this Court a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.  On December 12, 2006, a Report and Recommendation issued addressing all of defendant's claims except her allegation of ineffective assistance of counsel for failing to file a motion to suppress regarding an illegal search of her residence when police officers allegedly failed to "knock and announce" their presence prior to executing a search warrant.  On January 4, 2007, the United States District Judge adopted the recommendation of the undersigned and denied all of defendant's claims except for defendant's allegation of ineffective assistance of counsel due to the failure to raise the "knock and announce" issue by a motion to suppress.  On February 14, 2007, an evidentiary hearing was held on this remaining ineffective assistance issue.  On February 26, 2007, both parties filed post-hearing briefs.

For the reasons hereinafter expressed, the undersigned United States Magistrate Judge finds defendant's final issue to be without merit and recommends the motion to vacate be DENIED.

I.

PROCEDURAL HISTORY

On August 27, 2002, defendant was charged in a two-count indictment with one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute methamphetamine within 1,000 feet of a public elementary school in violation of 21 U.S.C. §§ 841(a)(1) and 860, and 18 U.S.C. § 2.  On October 15, 2002, a one-count superseding information was filed, charging defendant VALDEZ with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846.[1]  On October 22, 2002, defendant pled guilty to the superseding information.  On January 24, 2003, defendant VALDEZ was sentenced to a term of 156 months custody and a 5 year term of supervised release.  Defendant VALDEZ initiated an appeal of the conviction and sentence, but the appeal was dismissed on defendant's motion on April 10, 2003.  On January 26, 2004, defendant filed the instant motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255.

II.
SOLE REMAINING ISSUE

Whether defendant received ineffective assistance of counsel based upon counsel's failure to challenge, by way of a motion to suppress, the police officers' alleged failure to "knock and announce" prior to executing a search warrant.[2]

III.

---

[1]The amount of methamphetamine alleged had been reduced from approximately 590 grams or more to 50 grams or more.

[2]The Court has addressed defendant VALDEZ's claim under the knock and announce rules existing in 2002 when the warrant was executed.  However, under the recent United States Supreme Court case *Hudson v. Michigan*, 126 S.Ct 2159, 165 L.Ed.2d 56, 74 U.S.L.W. 4311 (June 15, 2006), it appears defendant's claim would fail.  (Holding: violation of knock-and-announce rule did not require the suppression of all evidence found in the search).

MERITS

Defendant VALDEZ argues the police officers in this case failed to "knock and announce" their presence before entering her residence while executing a search warrant in violation of the Fourth Amendment and that counsel was ineffective for failing to argue the issue by way of a motion to suppress.  In order to prevail on a claim that she was denied her constitutional right to the effective assistance of counsel, defendant must satisfy two requirements.  "First, [s]he would have to show that his [her] attorney's conduct fell below an objective standard of reasonableness.  Second, [s]he would have to demonstrate a reasonable probability that [s]he was prejudiced by his [her] attorney's unprofessional errors."  *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989); *see also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  The question of whether a defendant has been subjected to ineffective assistance of counsel is a mixed question of fact and law.  *United States v. Rusmisel*, 716 F.2d 301, 304 (5th Cir. 1983).

A showing that an attorney's conduct was deficient requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Strickland*, 466 U.S. at 687.  The performance inquiry must center on whether counsel's assistance was reasonable considering all the circumstances at the time of counsel's conduct.  *Id*. at 688-690.  As for the issue of prejudice, defendant must do more than simply allege prejudice, she must "affirmatively prove" prejudice.  *See Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986) (*Strickland*, 466 U.S. at 693).

A habeas defendant claiming ineffective assistance of counsel bears the burden of

demonstrating by a preponderance of the evidence "both an identifiable lapse on the part of his [her] trial counsel and some actual, adverse impact upon the fairness of his [her] trial resulting from that lapse." *United States v. Cockrell*, 720 F.2d 1423, 1425 (5th Cir. 1983), quoting *Boyd v. Estelle*, 693 F.2d 388, 389-90 (5th Cir. 1981).  Counsel is not required to pursue every path until it bears fruit or until all conceivable hope withers.  *Lovett v. State of Florida*, 627 F.2d 706, 708 (5th Cir. 1980).  A strategy is not proven wrong because, if as is the usual circumstance, a guilty person is convicted.  *Cockrell* at 1429;  *United States v. Guerra*, 628 F.2d 410, 413 (5th Cir. 1980) (failure to object to the introduction of a letter did not so infect the trial with unfairness as to make the resulting conviction a denial of due process).

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and tactical decisions of trial counsel are entitled to a high degree of deference.  *Strickland*, 466 U.S. at 692.  A defendant must show that counsel's deficient performance prejudiced the defense.  *Id*.  Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*  Furthermore, the focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness.  *Lockhart v. Fretwell*, 113 S.Ct. 838, 844 (1993).

<u>The Search</u>

As set forth above, the sole remaining issue is whether counsel was ineffective for failing to file a motion to suppress based upon police officers improper execution of a search warrant *i.e.* their failure to "knock and announce" their presence before entering her residence.  At the evidentiary hearing defendant VALDEZ testified that on the date in question, she had just

emerged from the shower, was in her robe and walking into the living room when the police entered the residence.  She testified if the police saw her it would have been through a big window in the living room but that she was not standing in the door to the residence.  She further stated that prior to the officer's entry she heard no noise, did not hear a knock on the door, and did not see anyone approaching the residence.

The government produced six (6) witnesses, all of whom were either Amarillo Police Department officers or members of the Sheriff's Department, serving as members of the then existing Panhandle Regional Narcotics Task Force.  For simplicity herein, each witness will be identified as "Officer."  First to testify was Officer Clay.  Officer Clay testified the officers parked the police van in front of the residence at which point they all jumped out and began to approach the house.  He stated all officers were wearing combat gear with vests and helmets, and that the gear was clearly marked with the word "Police."  The front wooden door to the house was open and an exterior glass and iron door was closed.  Defendant VALDEZ was standing in the door looking out and once the officers saw her someone yelled "Compromised" and several officers began to yell "Police - search warrant" as they made their way to the door.  Officer Clay stated the defendant unlocked the exterior door at which time the officers entered.

Officer Redden testified he was sixth to approach the house, that he was wearing the same gear and that when he first observed the defendant she was standing in the doorway so that she could touch the glass.  Officer Redden testified when defendant saw the officers the mission was compromised but that he still yelled "Police - search warrant" as he approached the door and crossed the threshold.

Officer Ottoson testified almost identically as to the time, date and place in question as

well as the officers' clothing.  This officer stated he was the first to the door in the approach

lineup and he witnessed defendant standing in the doorway and that she stepped back as officers

approached yelling "Police - search warrant."  Officer Ottoson testified he did not yell but that

once he reached the door he held open the exterior glass door for everyone to enter and that he

was probably one of the last to enter the residence.  Officer Ottoson testified on cross

examination that he and defendant went eye to eye *i.e.* that she saw the police approaching.

Officer Wilson testified he was fourth on the entry team and that he was one of the

officers yelling "Police - search warrant" upon approach.  He stated the entry into the house was

a peaceful one except for the officers announcing their presence.

Officer Ponce testified he was originally third on the entry team and that as he

approached he witnesses defendant in the doorway through the glass door and that he heard

officers yelling "Police - search warrant."  Upon arrival at the door, defendant opened the

exterior glass door and Officer Ponce became the first to enter.

Finally, Officer Alexander testified he was seventh on the entry team and that he drove

the police van.  He testified he parked a little ways down from the house and that once all

officers deployed he heard someone yell "Compromised" and then officers yelling "Police -

search warrant."  Officer Alexander testified that prior to executing the search warrant he had

information from a confidential informant that there were not only drugs in the house but also

weapons.

The Fourth Amendment knock and announce rule codified at 18 U.S.C. § 3109 serves to

protect several fundamental interests of citizens including, "(1) protecting law enforcement

officers and household occupants from potential violence; (2) preventing the unnecessary

destruction of private property; and (3) protecting people from unnecessary intrusion into their

private activities." *United States  v. Cantu* 230 F.3d 148, 151 (5th Cir. 2000) citing *U.S. v.

Sagaribay*, 982 F.2d 906, 909 (5th Cir. 1993); *See also United States v. Dunnock*, 295 F.3d 431,

434 (4th Cir. 2002).  The knock and announce requirement, however, is not required under

certain circumstances. Officers need not announce their intent to search before entry when

officers "have a reasonable suspicion that knocking and announcing their presence, under the

particular circumstances, would be dangerous or futile, or ... would inhibit the effective

investigation of the crime by, for example, allowing the destruction of evidence." *United States

v. Banks*, 540 U.S. 31, 36, 124 S.Ct. 521, 525, 157 L.Ed.2d 343 (2003) (citing *Richards v.

Wisconsin,* 520 U.S. 385, 387-88, 117 S.Ct. 1416, 1418, 137 L.Ed.2d 615 (1997)). Officers are

not required to knock and announce their presence before entry when a magistrate judge has

authorized a "no knock" entry, or when the officers arrive at the door circumstances support a

reasonable suspicion of exigency, even though no magistrate judge has authorized a no-knock

entry. *See id.,* 540 U.S. at 36-37, 124 S.Ct. at 525.

     In the instant case, futility is key.  Although not every officer in this case testified he saw

defendant VALDEZ standing in the doorway looking out the glass and metal exterior door at

them, those that did not see her testified they heard the officers who did yell "Compromise" and

at that point several officers began to yell "Police - search warrant" as they approached.  All

officers agree there was no "knock" in this case but there clearly was an "announce."  Defendant

VALDEZ testified she neither saw nor heard the officers approach the residence but this is a

credibility issue and the Court finds the officers to be more credible.  Because defendant

VALDEZ witnessed the officers approaching her residence, because they were dressed in police

gear clearly marked as such, and because they announced their presence, it would have been futile for them to have to knock on the door once they arrived at it.  On her motion to vacate, defendant VALDEZ must show not only that counsel acted ineffectively, but also that she was prejudiced by her attorney's action *i.e.* his failure to file a motion to suppress.  This means she must demonstrate she would have been successful on such a motion.  If defendant cannot show prejudice, the Court need not address the ineffective prong.  In reviewing an ineffective assistance of counsel claim, it is not necessary to first evaluate whether counsel's performance was deficient before examining whether defendant was prejudiced as a result of the alleged deficiencies.  In fact, if a determination as to the prejudice prong is easier and disposes of an ineffectiveness claim, then that course should be followed.  *Strickland v. Washington*, 466 U.S. at 698; *see also United States v. Fuller*, 769 F.2d 1095, 1097 (5th Cir. 1985).  Since, as set forth in detail above, compliance with the "knock and announce" rule would have been futile, the search is not subject to suppression.

To the extent defendant VALDEZ argues the officers knew prior to their arrival that a no-knock entry would be utilized , such argument is without merit.  First, there was testimony a confidential informant had relayed to at least one officer that he had been in the house and had seen weapons and the officers had reason to suspect the residence had not only narcotics but weapons.  Further, the Officer Redden testified both defendant and her son, who lived in the residence, had criminal history records.  The combination of these factors made it reasonable for the officers to suspect they were entering a dangerous situation.  In short, officers believed they were entering a dangerous situation and Officer Alexander testified that for these reasons he made the decision to execute a no-knock entry.  The fact that the officers intended not to "knock

and announce," however, is a non-issue, and the Court need not determine whether a failure to knock and announce would have been justified. That is not what happened. Instead, shortly after the officers arrived at the scene they were "Compromised" because defendant VALDEZ was standing in her glass doorway looking out and saw them. At this juncture any effort to knock would have been futile. Officers continued, announcing their presence very loudly, and entered the home. Defendant has failed to show how counsel was ineffective for failing to file a motion to suppress because based upon the facts before the Court, any such motion would have been unsuccessful and thus no prejudice to defendant VALDEZ resulted.[3] For these reasons, it is the opinion of the undersigned defendant's claim should be denied.

IV.
RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the remaining issue in the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by defendant DELISSA MARIE VALDEZ be, in all things, DENIED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 6th day of March 2007.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[3]Defendant cites *United States v. Cantu*, 230 F.3d 148 (5th Cir. 2000) to show the Fifth Circuit's disdain for the use of ski masks when executing a search warrant. Even so, use of the masks in this case does not *per se* invalidate an otherwise valid search.

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).